```
         IN THE UNITED STATES DISTRICT COURT
       FOR THE MIDDLE DISTRICT OF PENNSYLVANIA


UNITED STATES OF AMERICA,     :
          Plaintiff
                              :

     vs.                      :   CRIMINAL NO.  1:CR-02-055

                              :
AARON AGNEW,
          Defendant           :
```

*M E M O R A N D U M*

I.   *Introduction*

Defendant has filed a motion for reduction of his sentence under 18 U.S.C. § 3582(c)(2) pursuant to Amendment 706 to the sentencing guidelines. That amendment revised U.S.S.G. § 2D1.1(c), the Drug Quantity Table, by generally reducing the base offense level for crack cocaine offenses by two levels.

The government opposes the motion on the ground that the amendment has no effect on the calculation of Defendant's applicable guideline range. The probation office has submitted an addendum to the presentence report (PSR), also concluding that the amendment has no effect on Defendant's applicable guideline range.

We have authority to reduce Defendant's sentence only if Amendment 706 has the effect of lowering his applicable guideline range. Because we agree with the government and the

probation office that the amendment does not have that effect, we will deny the motion for reduction in sentence.

II.     *Background*

In September 2002, a jury convicted Defendant of distributing in excess of fifty grams of crack cocaine in violation of 21 U.S.C. § 841(a)(1) and for being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(c)(2).

The presentence report (PSR) calculated Defendant's guideline range as follows. Defendant's crack-cocaine quantity was ascertained to be at least 1.5 kilograms. Under U.S.S.G. § 2D1.1, this drug quantity gave Defendant a base offense level of 38. Two points were added under U.S.S.G. § 2D1.1(b)(1) for the firearm offense and two points added under U.S.S.G. § 3C1.1 for obstruction of justice, resulting in a total offense level of 42. Defendant was a career offender because he had at least two adult felony convictions for a controlled substance offense or a crime of violence, but his total offense level remained at 42 because U.S.S.G. § 4B1.1, the career offender guideline, provided only an offense level of 37. *See* U.S.S.G. § 4B1.1(b)(providing that the offense level for a career offender was that from section 4B1.1 only if "the offense level for a career offender from the table in this subsection is greater

than the offense level otherwise applicable"). However, as a career offender, Defendant was assigned a criminal history category of VI. This made Defendant's guideline range 360 months to life.

At the June 2, 2003, sentencing, the court decided that category VI overstated Defendant's criminal history and reduced his criminal history category to V. We also decided that his offense level was overstated and reduced that to 36. This gave Defendant a guideline range of 292 to 365 months. Defendant was sentenced to 300 months' imprisonment.

The Supreme Court decided that the sentence should be reconsidered under *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), and the Third Circuit directed us to do so. *See United States v. Agnew*, 407 F.3d 193, 198 (3d Cir. 2005). On June 29, 2005, in light of *Booker*, we resentenced Defendant to 210 months.

III. *Discussion*

The United States Sentencing Commission has authority to amend the guidelines, 28 U.S.C. § 994(o), and to provide that any amendment has retroactive effect. *Id.*, § 994(u). Under 18 U.S.C. § 3582(c)(2), a defendant can seek the benefit of an amendment by a motion to modify his sentence. Any sentence reduction must take into account "the factors set forth in 18

U.S.C. § 3553(a) to the extent that they are applicable" and "must be consistent with applicable policy statements issued by the Sentencing Commission." *Id.*

U.S.S.G. § 1B1.10 (Policy Statement)(effective March 3, 2008) is the applicable policy statement. In pertinent part, it provides that under section 3582(c)(2) a court "may reduce the defendant's term of imprisonment" "when the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines manual listed in subsection (c) below." *Id.*, § 1B1.10(a)(1). Amendment 706 is listed in subsection (c). However, "[a] reduction is not consistent with [the] policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if . . . an amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range." *Id.*, § 1B1.10(a)(2)(B).

In determining the effect of the amendment on the defendant's sentence, and essentially to determine whether it lowers his applicable guideline range, the court:

> shall determine the amended guideline range
> that would have been applicable to the
> defendant if the amendment(s) to the
> guidelines listed in subsection (c) had been
> in effect at the time the defendant was
> sentenced. In making such determination, the
> court shall substitute only the amendments
> listed in subsection (c) for the
> corresponding guideline provisions that were

4

>     applied when the defendant was sentenced and
>     shall leave all other guideline application
>     decisions unaffected.

*Id.*, § 1B1.10(b)(1).

As noted, the policy statement tells us not to reduce Defendant's sentence if Amendment 706 "does not have the effect of lowering [his] applicable guideline range." *Id.*, § 1B1.10(a)(2)(B). And in determining whether it lowers his applicable guideline range, we simply replace the amendment "for the corresponding guideline provisions that were applied when the defendant was sentenced and . . . leave all other guideline application decisions unaffected." *Id.*, § 1B1.10(b)(1).

In doing so, Defendant's guideline range remains unaffected by the amendment because his amended guideline range is calculated as follows. Under section 2D1.1(c), as amended by Amendment 706, Defendant's base offense level for his crack-cocaine quantity is reduced from 38 to 36. When the two points are added for the firearm offense and the two points for obstruction of justice, the resulting total offense level is 40. Because this offense level is still higher than 37, 40 is the applicable offense level. Combining Defendant's criminal history category of VI with a total offense level of 40 still leaves Defendant with a guideline range of 360 months to life. Thus, since the amendment does not lower Defendant's applicable guideline range, we can grant him no relief.

Defendant concedes that under the policy statement, his applicable guideline range remains unchanged but argues that section 1B1.10 is advisory and that we can ignore it, citing *Kimbrough v. United States,* ___ U.S. ___, 128 S.Ct. 558, 169 L.Ed.2d 481 (2007). We disagree. Statutory section 3582(c)(2) provides that any sentence reduction "must be consistent with applicable policy statements issued by the Sentencing Commission." As the congressional directive is to follow the policy statements of the Commission, we cannot treat the policy statement as advisory only. *See United States v. Wise*, 515 F.3d 207, 221 n.11 (3d Cir. 2008) (rejecting idea that because guidelines are only advisory after *Booker*, a defendant need not follow a sentencing-guideline amendment making Amendment 706 retroactive on a future date, noting in part that "the statute directs the court to the policy statement"). *See also United States v. Doe*, 578 F. Supp. 2d 771, 776-77 (E.D. Pa. 2008)(citing *Wise* and distinguishing *Booker* in ruling that U.S.S.G. § 1B1.10 was not just advisory); *United States v. Cruz*, 560 F. Supp. 2d 198, 202 (E.D.N.Y. 2008)(*Booker* does not apply in section 3582(c)(2) proceedings because the statutory section requires the court to make any sentence reduction consistent with the Sentencing Commission's policy statement, quoting the above language from *Wise* characterizing the pertinent language as a congressional directive).

6

As an additional reason for denying the motion, section 1B1.10(b)(2)(B), in pertinent part, provides that "if the original term of imprisonment constituted a non-guideline sentence determined pursuant to 18 U.S.C. § 3553(a) and *United States v. Booker*, 543 U.S. 220 (2005), a further reduction generally would not be appropriate." As noted, on June 29, 2005, we resentenced Defendant under *Booker* to 210 months.

We will issue an appropriate order.

/s/William W. Caldwell
William W. Caldwell
United States District Judge

Date: December 29, 2008

```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA         :
         Plaintiff               :
                                 :
                                 :
         vs.                     :   CRIMINAL NO.  1:CR-02-55-01
                                 :
AARON AGNEW,
         Defendant               :
```

*O R D E R*

AND NOW, this 29th day of December, 2008, it is ORDERED that Defendant's motion (doc. 86) under 18 U.S.C. § 3582(c)(2), is denied.

/s/William W. Caldwell  
William W. Caldwell  
United States District Judge
